UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| $121,000.00 IN U.S. CURRENCY, | § | |
| Defendant | | |

## COMPLAINT FOR FORFEITURE IN REM

The United States files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit properties to the United States pursuant to 21 U.S.C. §881(a)(6).

*Defendant Property*

2. The Defendant is $121,000.00 in United States currency (the "Defendant $121,000.00" or the "Defendant Property").

3. Law enforcement seized the Defendant Property on or about June 26, 2013 from a residence in Sugar Land, Texas. The Defendant Property is currently on deposit at a Federal Reserve Bank.

4. Abdul Masqood ("Masqood") has filed a claim with the Drug Enforcement Administration ("DEA"), asserting ownership of the Defendant Property and contesting administrative forfeiture.

*Jurisdiction and Venue*

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

1

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

## Statutory Basis for Forfeiture

7. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act.

With regard to civil forfeiture of fungible property such as money, 18 U.S.C. § 984 provides that cash, monetary instruments, or funds deposited in an account in a financial institution that are found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense.

## Factual Basis

8. On or about June 26, 2013, law enforcement agents conducted a consent search of an apartment where Masqood resides in Sugar Land, Texas. During the search, agents recovered the Defendant $121,000.00 from a bedroom closet. Masqood told agents that the majority of the cash came from Fumo Novelties.

9. Fumo Novelties, Inc. ("Fumo") is a wholesale distribution business located on Harwin Drive in Houston, Texas. Part of Fumo's business has included the wholesale distribution of synthetic cannabinoids and synthetic cathinones in violation of the Controlled Substances Act. During the execution of a search warrant at Fumo's Harwin Drive business

location on or about June 26, 2013, agents recovered numerous foil packages containing synthetic cannabinoid products.

10. As a wholesale distributor, Fumo purchased large quantities of synthetic cannabinoid products (referred to under names including but not limited to Kush, Klimax, Bizarro, Sonic Zero, and Orgazmo) from various manufacturers and distributors for resale to others. Records and other information obtained by law enforcement reflect that Fumo ordered more than one million dollars of synthetic cannabinoid products for resale.

11. During the consent search of his residence on or about June 26, 2013, Masqood told agents that Fumo's sales consisted primarily of incense made through cash purchases. Synthetic cannabinoids are commonly marketed for sale as "incense," "potpourri" or "fake weed."

12. The Defendant $121,000.00 was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, was proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act.

*Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Properties which are subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney=s Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

*Prayer*

Wherefore, the United States of America prays that judgment of forfeiture be entered against the Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

Kenneth Magidson
United States Attorney

By: /s/Lori S. Roth
Lori S. Roth
Email: lori.roth@usdoj.gov
Texas State Bar No. 24076691
SDTX Bar No. 1383270
Assistant United States Attorney
United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 567-9000
Fax: (713) 718-3300

4

*Verification*

I, James Semrick, a Special Agent with the United States Drug Enforcement Administration, hereby affirm and verify that the facts set forth in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

James Semrick
Special Agent
U.S. Drug Enforcement Administration

Sworn and subscribed before me, the undersigned authority, on November 27, 2013.

Notary Public in and for the State of Texas

My commission expires: 10/15/2016